BRYAN, BEN L., Jr., Associate Judge,
dissenting.
I agree that the trial court erred in granting the involuntary dismissal, as under current Florida law there was a factual issue. This error resulted because the defense attorney moved for the involuntary dismissal when there was a clear factual issue. This frequently happens. Attorneys believe they must move for directed verdicts or involuntary dismissals as a matter of course. That may have some merit in a jury trial, but only creates a problem in a nonjury trial. It is the rare case that has no factual issue. Trial courts do no service in nonjury cases by granting the motion. Attorneys do their clients no service by making the motion because in cases in which they would otherwise prevail, the case may have to be retried giving the plaintiff another bite at the apple. A possible solution in those nonjury cases in which the court knows its ruling at the conclusion of the plaintiffs case is simply to advise the attorneys that there is no need for them to present evidence as the court is prepared to rule in their favor if they rest.
In this case the trial judge recognized that she may be being led into error and said:
I am granting the motion for involuntary dismissal. Assuming I am incorrect and the appellate court, should there be review, finds that there is a prima facie case based on their review of the evidence, accepting the documents that the Respondent has introduced and the testimony of at least one witness in response to the petition, and weighing the credibility of Dr. Silversmith in particular, the Court would find for the Respondents, there being no further testimony, obviously, that the Petitioner had wished to present.
The court then goes on to totally reject the testimony of Dr. Silversmith, which is what this court finds creates the prima facie case.
The trial court then adds:
So I am going to grant the motion for involuntary dismissal. If I am legally incorrect upon appellate review, I am accepting the testimony and the evidence submitted by the Respondent, and without any further evidence, going to find in their favor.
I would affirm. The only action that failed to occur was the respondent saying, “We rest.” I would not expose the respondents to the expense and risk of a new trial because of that omission, particularly when the testimony of the only witness providing a basis for a prima facie case is not credible.